**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL NO. 04-41-DLB**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**VS.**

**DAVID THOMAS SOWARD**                                                **DEFENDANT**


**REPORT AND RECOMMENDATION**

On August 22, 2011 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, DAVID THOMAS SOWARD, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Dean Pisacano and the United States was present through Assistant United States Attorney Tony Bracke. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the August 17, 2011 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to one count of Possession of Material Constituting and Containing Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the defendant was sentenced on September 13, 2004 to forty-one months imprisonment followed by a three year term of supervised release. This term of supervised release began on November 9, 2007.

On June 4, 2008 the defendant's supervised release was revoked based on four separate violations:

1) The defendant shall not associate or have verbal, written, telephonic or electronic communication with any person under the age of 18 without the permission of the U.S. Probation Officer;

2) The defendant shall not possess, view, listen, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available;

3) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; and

4) You shall not access any internet service provider account or other online service using someone else's account, name, or designation. You may only access email accounts, chat rooms, instant messaging services and/or other online environments which allow for user interaction via accounts pre-approved and authorized by the probation department and your probation officer.

Soward was sentenced to eight months incarceration followed by three years of supervised release, and was released from custody on January 30, 2009 to begin that three year term. On January 20, 2010 defendant admitted to viewing pornography at work and that violation was addressed through increased treatment sessions. He now stands charged with the following violations:

**VIOLATION #1 - THE DEFENDANT SHALL NOT POSSESS, VIEW, LISTEN, OR GO TO LOCATIONS WHERE ANY FORM OF PORNOGRAPHY, SEXUALLY STIMULATING PERFORMANCES, OR SEXUALLY ORIENTED MATERIAL, ITEMS, OR SERVICES ARE AVAILABLE (GRADE C VIOLATION).**

On August 12, 2011 Soward reported to the probation office in order to show U.S.P.O. D'Alessandro a new cell phone recently purchased. This phone was capable of browsing the internet, taking photographs, and recording videos. Inspection of the phone utilizing additional computer equipment revealed numerous adult pornographic images and about 20 suspected child pornographic images. Soward denies viewing any child pornography. However, on August 15,

2011 he admitted to viewing the other pornographic websites on that cell phone and the remaining 20 images were submitted to the National Center for Missing and Exploited Children for further analysis and investigation. The results are pending.

> **VIOLATION #2: THE DEFENDANT SHALL NOT POSSESS OR USE A COMPUTER OR ANY DEVICE WITH ACCESS TO ANY ON-LINE COMPUTER SERVICE AT ANY LOCATION, INCLUDING PLACE OF EMPLOYMENT, WITHOUT THE PRIOR WRITTEN APPROVAL OF THE PROBATION OFFICER. THIS INCLUDES ANY INTERNET SERVICE PROVIDER, BULLETIN BOARD SYSTEM, OR ANY OTHER PUBLIC OR PRIVATE NETWORK OR EMAIL SYSTEM (GRADE C VIOLATION).**

The conduct described under Violation #1 is the same conduct forming the basis for Violation #2.

The parties have reached an agreement as to the appropriate punishment for the above violations, and the Court being satisfied from dialogue with the defendant that he understands the nature of the charges now pending, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1.  That the defendant be found to have violated the terms of his supervised release as set out above, and that his supervised release be REVOKED;

2.  That the defendant, DAVID THOMAS SOWARD, be sentenced to the custody of the Attorney General for a period of **EIGHT (8) MONTHS** with **TWENTY-EIGHT (28) MONTHS** supervised release to follow;

3.  On or before **SEPTEMBER 23, 2011** the defendant shall self-surrender to the U.S. Marshal at the U.S. Courthouse, Covington, Kentucky.

3

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 22nd day of August, 2011.

Signed By:

J. Gregory Wehrman

United States Magistrate Judge