# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CRIMINAL NO. 04-41-JGW

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.

DAVID THOMAS SOWARD                                                 DEFENDANT

## REPORT AND RECOMMENDATION

On November 20, 2014 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, DAVID THOMAS SOWARD, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Dean Pisacano and the United States was present through Assistant United States Attorney Anthony Bracke. The proceedings were recorded by audio recorder and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the September 11, 2014 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to Possession of Material Constituting/Containing Child Pornography, defendant was sentenced on September 13, 2004 to 41 months incarceration followed by 3 years of supervised release. Soward's term of supervision began November 9, 2007.

PREVIOUSLY REPORTED VIOLATION(S)

The Court revoked defendant's supervision on June 3, 2008 and sentenced him to 8 months incarceration for the following violations:

a. The defendant shall not associate with persons under the age of 18 without permission of the probation officer;

b. The defendant shall not possess pornography;

c. The defendant shall register as a sex offender as prescribed by law;

d. The defendant shall not associate with persons convicted of a felony unless granted permission;

e. The defendant shall not access the internet using someone else's account, name or an alias.

On September 13, 2011 the defendant's supervision was again revoked for a term of 8 months incarceration based on the following violation: The defendant shall not possess or use a computer or any device with access to on-line computer service. Soward now stands charged with the following new violation:

**VIOLATION #1: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

On March 7, 2014 the defendant was arrested by the Edgewood, Kentucky Police Department and charged with Sexual Abuse, 1st degree in case number 14-F-00335. On May 8, 2014 the defendant was indicted by the Kenton County, Kentucky grand jury and charged with two counts of sexual abuse, 1st degree. According to defendant, the felony charged was reduced to a misdemeanor for which Soward was sentenced to 90 days in state custody.

According to U.S.S.G. § 7B1.1, defendant's violation is a Grade A and the Criminal History Category established at sentencing is a Category I. Therefore, the revocation guidelines are an imprisonment range of 12-18 months. However, the original offense is Class C felony and the maximum term of imprisonment which can be imposed upon revocation is 24 months pursuant to 18 U.S.C. § 3583(e)(3) minus any previous term of incarceration for the revocation of supervised

2

release. Since there have been two prior periods of revocation for a total of 16 months, the maximum amount of incarceration in this instance is 8 months.

The United States recommends defendant be sentenced to 8 months with no supervised release to follow. In response Soward points out that he has already served 8 months in state custody because of his inability to make bond, and subsequently was sentenced to 90 days (time served) when the charges were reduced to a misdemeanor. However, since his original sentence of 41 months in 2004, Soward's supervision has been revoked twice and modified once. The pending violation, even though reduced to a misdemeanor, is the fourth time Soward's violative conduct, all similar in nature, has landed him before the Court. This time the United States is asking for no further supervision. Accordingly;

    **IT IS RECOMMENDED:**

    1.    That the defendant be found to have violated the terms of his supervised release as set out above and that it be REVOKED;

    3.    That the defendant, DAVID SOWARD, be sentenced to the custody of the Attorney General for a period of **EIGHT (8) MONTHS** with no supervised release to follow.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 26th day of November, 2014.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge